Deaderick, J.,
delivered the opinion of the Court.
At the September Term, 1870, of the Circuit Court of Loudon county, an indictment was found against the defendant in error, for carnal knowledge of a female under the age of ten years.
The indictment charged that the offense was committed in the county of Loudon, on the 10th day of March, 1868, a time anterior to the passage of any law authorizing the establishment of said county, and of course before the- organization or existence of said county.
On motion of the defendant, by his counsel, the indictment was quashed by the Circuit Judge, and thereupon the District Attorney excepted to the action of the court, and appealed, on behalf of the State, in error, to this court.
The time when the offense was committed being alleged in the indictment to be the 10th of March, 1868, two questions are presented for our determination:
1. Upon the motion to quash, are we to presume the time laid in the indictment as the time when the offense was committed, to be the true time?
2. If we are to take the time alleged in the indictment as the time when the offense was committed, had the Circuit Court of Loudon county, jurisdiction to try the offender?
The county of Loudon is constituted of parts of the counties of Blount, Roane and Monroe; and at the time when the offense is alleged to have been committed, these counties had and exercised jurisdiction over the parts of their territories since taken from them, respectively, to form the new county of Loudon.
*50 At common law it is necessary, witb some exceptions, to aver in the indictment the day of the month, and year, when the offense was committed. If the time stated is repugnant, uncertain, or impossible, or if no time at all is stated, so that it does not appear whether the offense is barred by limitation, the indictment will be bad, and judgment upon it will be arrested.[1] If a time is limited by law within which the offense charged must be prosecuted, the indictment must show upon its face that it was found within such time: Whart. Am. Cr. L., 111, 114; Arch. Cr. Pl. and Ev., 275; 1 Ch. Cr. L., 179. Such we understand to be the rule of the common law.
But these well-established rules of criminal pleading of the common law, seem to have been materially changed by section 5124 of the Code, which provides, “that the time at which the offense was committed need not be stated in the indictment; but the offense may be alleged to have been committed on any day before the finding thereof, or generally before the finding of the indictment, unless the time is a material ingredient of the offense.”
In this case, the offense might have been committed on one day as well as another, and the time or day of its commission is not of the essence of the offense; and according to the above quoted section of the Code, it was not necessary to allege any day certain, as the day upon which the offense was committed. By the rules of the common law, the indictment should also allege the place of the commission of the offense charged. But this re *51 quirement of tbe common law has been dispensed with by section 5125 of the Code, which provides that “It is not necessary for the indictment to allege where the offense was committed; but the proof shall show a state of facts bringing the offense within the jurisdiction of the county in which the indictment was preferred.”[1]
The indictment was preferred in the county of Lou-don, and the proof must show, upon the trial of the cause, that the offense was committed in that county; and the offender can be tried under article 1, section 9, of our Constitution, only in the county “in which the crime shall have been committed,” unless he shall waive this •right secured to him, by consenting to a change of venue: 1 Cold., 350. A grand jury can not inquire concerning any offenses except those committed within their county; and if a county is divided, and a portion of its territory goes into the formation of a new county, a criminal act done before the division of the old county, within the ceded territory, for which the offender had not been convicted and punished, can be prosecuted only in the new county. The offense committed is against the State. It is the State that makes the accusation, and prosecutes the offender; and a new county being formed, including the place of the commission of an offense, and a court having criminal jurisdiction being established therein, such court acquires jurisdiction of all violations of law within the limits of such new county. After its establishment, the Circuit Court in the old county from which the territory was taken, upon which the offense *52 was committed, has no jurisdiction to institute an indictment against the offender. But such proceedings must be begun in the county where the offense was committed: 4 Bl. Com., 303; Arch. Cr. P. & E., 280, 281; Bishop on Cr. Pro., 65, 66 and notes; Bishop Cr. L., 552.
In 1842, part of the county of Burke, and part of Butherford county, North Carolina, were constituted a new county, and jurisdiction given to the Superior Court of Burke county of all criminal offenses committed in • the part of McDowell which was taken from Burke. It was held that an indictment for an offense alleged in the indictment to have been committed in Burke, could not be supported by evidence of acts done in McDowell, after the establishment of the latter county: 4 Ire., 219.
In Arkansas, it has been held that, “if a new county is formed of territory formerly included in an old county, an indictment for an offense antecedently committed. within the territory embraced in the new county, may be maintained in the new, under the usual allegation .setting out the offense as committed in the new: 13 Ark., 708.
The same doctrine was declared in a New Jersey case, except that while it was held that the trial should be in the new county, it was also- held .that the indictment should not allege that the offense was committed in the new county, fpr the reason stated, that “it is seen that at the .time mentioned there was'no such place as that at which.the offense is alleged to have been committed:” 3 Halst., 307..
In Georgia, also, it has been held that the offender should be tried in the new county, and that the offense *53 might be, or should be, charged as having been perpetrated in the old county: 22 Ga., 545, 555.
Thus it will be seen that the trial of the offender should be had in the county in which the place where the offense was committed, is included at the time of the trial. This being so, we further hold that it is sufficient to charge the offense in the indictment as having been committed in the new county including the territory upon which it was committed. It follows, therefore, that his Honor, the Circuit Judge, erred in quashing the indictment in this case; and the judgment will be reversed, and the cause will be remanded to the Circuit Court of Loudon county for further proceedings; and the defendant will be recognized to appear at the next term of the Circuit Court of Loudon county, to answer to the indictment.

 See State v. Bowling, 10 Hum., 72.

 See Williams v. The State, ante 37; State v. Quartemus, post 65.